UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ADOLFO ZALDANA-MENJIVAR,

      Petitioner,                      Case No. 15-cv-12512
                                            Hon. Matthew F. Leitman

v.

DIRECTOR, BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT,

      Respondent.
_____/

**ORDER GRANTING EMERGENCY MOTION TO VACATE STAY OF REMOVAL (ECF #4), VACATING STAY (ECF #3), AND REQUIRING RESPONDENT TO PROVIDE UPDATE ON PETITIONER'S STATUS ON SEPTEMBER 1, 2015**

Petitioner Jose Adolfo Zaldana-Menjivar ("Petitioner"), a citizen of El Salvador, is subject to a final order of removal from this country.  He is currently in the custody of United States Immigration and Customs Enforcement ("ICE") as he awaits removal.  Petitioner has filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 (the "Petition") in which he alleges that he is being unlawfully detained as his removal is processed. (See ECF #1.)[1]

On August 6, 2015, this Court entered an order temporarily staying Petitioner's removal and ordering the Respondent to respond to the Petition.  (*See* ECF #3.)  Respondent has now asked the Court to vacate the stay and allow Petitioner's removal to El Salvador.  (*See* ECF #4.)  Petitioner responds that the stay should remain in place.  (*See* ECF #8.)

The Court has carefully reviewed the Petition and both parties' briefs and supporting documents.  The Court concludes that oral argument is not necessary.  *See* Local Rule 7.1(f)(2).  For the reasons stated below, the Court **GRANTS** Respondent's motion to vacate the stay of removal and **VACATES** the stay.

---

[1] Petitioner is not now challenging – and concedes that he cannot challenge in this action – the underlying removal over.  As Petitioner properly recognizes, pursuant to the REAL ID Act of 2005, this Court has no jurisdiction to review the order authorizing Petitioner's removal from this country.  *See* 8 U.S.C. § 1252(a)(5) & (g); *see also Jaber v. Gonzalez*, 486 F.3d 223, 230 (6th Cir. 2007) (The REAL ID Act of 2005 clearly eliminated a habeas petition as a means for judicial review of a removal order").  Petitioner is currently contesting his removal in a separate action pending in the United States Court of Appeals for the Sixth Circuit.  *See Zaldana-Menjivar v. Lynch*, Case No. 15-3081 (filed Feb. 3, 2015).

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was born in El Salvador in 1989. Petitioner says that he first came to the United States "when he was sixteen years old in an attempt to escape [the] escalating violence" in his home country. (*See* ECF #8 at 1, Pg. ID 67.) In 2009, Petitioner was convicted for possession of cocaine. (*See* Petition at ¶13.) According to Ericka Walker, an ICE Deportation Officer, Petitioner was thereafter "removed from the United States to El Salvador on October 9, 2009" pursuant to an order signed by an immigration judge. (Declaration of Ericka Walker, ECF #4-2 at ¶5.)

Petitioner illegally returned to the United States "sometime after his removal" in March 2010. (*Id.*) On March 24, 2014, ICE took Petitioner into custody as an "unlawfully present criminal re-entry alien." (*Id.* at ¶6.)

After he was taken into custody, Petitioner sought asylum in this country on the ground that he would be beaten and tortured by gang members if he was returned to El Salvador. The asylum officer concluded, based on Petitioner's testimony, that Petitioner "demonstrated a reasonable fear of torture." (ECF #8-1 at 4, Pg. ID 73.)

Petitioner's matter was then transferred to an immigration court in Detroit. (*See* Petition at ¶16.) Petitioner sought to avoid removal to El Salvador on the basis that he would be abused by gang members upon his return to that country.

The immigration judge considered Petitioner's arguments and rejected them. On October 17, 2014, the immigration judge ordered Petitioner removed from the United States. (*See* ECF #1-3 at 2, Pg. ID 16.)

Petitioner then appealed the immigration judge's ruling to the Board of Immigration Appeals (the "BIA"). (*See* Petition at ¶18.) The BIA dismissed Petitioner's appeal, thereby affirming the immigration judge's decision, on January 14, 2015. (*See* ECF #1-4.) On that date, Petitioner's order of removal became administratively final. *See* 8 U.S.C. § 1101(a)(47)(B).

On February 3, 2015, Petitioner sought review of the BIA's decision in the United States Court of Appeals for the Sixth Circuit. *See Zaldana-Menjivar v. Lynch*, Case No. 15-3081 (filed Feb. 3, 2015). Petitioner also sought a stay of his removal proceedings while his appeal was pending. The Sixth Circuit denied a stay on February 11, 2015, concluding that Petitioner "ha[d] not made the requisite strong showing of a likelihood of success on the merits of his withholding of removal claim." (*See* ECF #4-3.)

Petitioner has been in ICE custody since March of 2014. (*See* Petition at ¶19.)

4

## ANALYSIS

**A.    The Framework for Assessing the Legality of Detention Following Entry of a Final Order of Removal**

Once an order of removal becomes final, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90-day period is known as the "removal period." *Id.* "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(2). Under certain circumstances, the Attorney General may continue to detain an alien subject to a final order of removal beyond the removal period. *See* 8 U.S.C. § 1231(a)(6). For example, if an alien has committed certain crimes, or if the Attorney General determines that an alien is "a risk to the community or [is] unlikely to comply with the order of removal," the Attorney General may extend the alien's detention. *See* 8 U.S.C. § 1231(a)(6).

But ICE's authority to continue an alien's detention following the removal period is not unlimited. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that § 1231 "does not permit indefinite dentition." *Id.* at 689. Instead, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* In addition, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

5

The Supreme Court concluded in *Zadvydas* that a six month period of post-removal-period detention is "presumptively reasonable." *Id.* at 701. "After this 6–month period, [if] [an] alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court further explained that "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

**B.     Petitioner Is Not Entitled to Release Under *Zadvydas***

Petitioner argues that he is entitled to release under *Zadvydas* because (1) he has been in custody for more than six months since his removal order became final and (2) his removal is neither imminent nor reasonably foreseeable. However, the undisputed evidence before the Court establishes that Petitioner's removal is, indeed, imminent.

Ms. Walker of ICE has submitted a sworn Declaration in which she states that the government of El Salvador has issued the travel papers necessary to allow ICE to remove Petitioner to El Salavador. (*See* ECF #4-2 at ¶¶ 11-12.) Ms. Walker further explains that the travel papers expire at the end of this month and

that ICE plans to remove Petitioner as soon as the Court allows. (*See id.* at ¶¶ 12-14.)  In fact, ICE had scheduled Petitioner's removal for the week of August 10, but ICE was forced to cancel that removal once this Court entered its stay order. (*See id.* at ¶ 13.)

Courts have repeatedly held that once ICE obtains travel documentation, or even the promise that such documentation is forthcoming from the government of a petitioner's home country, removal is sufficiently foreseeable (if not imminent) such that the continued detention of an alien subject to a final order of removal is permissible under *Zadvydas. See e.g., Jaing Lu v. U.S. ICE*, 22 F.Supp.3d 839, 844 (N.D. Ohio. 2014) ("[p]etitioner's continued detention [was not] unconstitutional" where ICE believed "travel documents would be issued in the near future"); *Ismet v. Ashcroft*, 2005 WL 147073, at *1 (E.D. Pa. Jan. 21, 2005) (report and recommendation) (denying alien's habeas petition where "government [has] state[d] that all necessary travel documents for the petitioner have been obtained and his removal within the next several weeks is imminent"); *Juma v. Mukasey*, 2009 WL 2191247, at *4 (S.D.N.Y. July 23, 2009) (report and recommendation) (concluding government "has amply rebutted [petitioner's] claim that continued violation violated his due process rights" where it obtained travel documents and showed that removal was imminent); *Fordjour v. Holder*, 2012 WL 2090138, at *3 (E.D. Cal. June 8, 2012) (report and recommendation)*, adopted at* 2012 WL

2127482 (concluding that government's evidence that travel documents had been provided "establishes that petitioner's removal is imminent" and therefore not unlawful). Here, Petitioner cannot show that his detention runs afoul of *Zadvydas* because his "removal is not merely reasonably foreseeable, it is imminent." *Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003).

Notably, Petitioner does not contend otherwise in his response to Respondent's motion to vacate the stay. Petitioner does not cite any evidence to counter Respondent's showing that removal is imminent, nor does Petitioner cite a single case or statute that would support his request for release from ICE custody in light of his fast-approaching removal. Instead, Petitioner stresses the danger that he will face upon return to El Salvador. The Court takes Petitioner's concerns very seriously. However, as explained in the footnote above, this Court has no authority to block Petitioner's removal or order his release based upon the conditions that he may encounter in El Salvador; the Sixth Circuit has the exclusive authority to grant relief, if any, based on the circumstances that Petitioner claims he will face following removal. Simply put, on the current record before the Court, and under the circumstances of this case, the Court may not properly order Petitioner's release from ICE custody nor block his removal to El Salvador.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that

- Respondent's Emergency Motion to Vacate Stay of Removal (ECF #4) is **GRANTED**;

- The Court's August 6, 2015, Order staying removal proceedings (ECF #3) is **VACATED**; and

- Respondent shall provide the Court with an update in writing on Petitioner's status on September 2, 2015.  If, contrary to ICE's current plan, Petitioner remains in custody as of that date, Petitioner may renew his request for release, and the Court will consider the renewed request.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113